IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:25-12 |
| | ) | |
| JAQUAN GORDON | ) | |

**Memorandum Opinion and Order**

Defendant Jaquan Gordon has filed a Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 4. The government has filed a response opposing the motion, to which Mr. Gordon has filed a Reply. ECF Nos. 10, 15. On February 20, 2020, Mr. Gordon pleaded guilty, in the District of New Jersey, to one count of possession of a firearm by a convicted felon. His calculated guideline sentence range was 84 to 104 months' imprisonment. The Honorable Judge Brian R. Martinotti varied from the guideline range and imposed a sentence of 64 months' imprisonment, to be followed by three years of supervised release. Mr. Gordon began his three-year term of supervised release on June 26, 2026.

I.      **Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may "terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).

In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

The United States Sentencing Guidelines § 5D1.4(b), in accord with 18 U.S.C. § 3583(e)(1), states that a court may terminate a defendant's remaining term of supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision." § 5D1.4(b). The Guidelines recommend that the determination should be made, "following consultation with the government and the probation officer." § 5D1.4(b). Amendment 835 to the United States Sentencing Guidelines, effective November 1, 2025, added the following guidance to courts reviewing early termination motions:

(B) Early Termination. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:

(i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

(iii) the defendant's substantial compliance with all conditions of supervision;

---

[1] The select factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2)(B) the need to afford adequate deterrence to criminal conduct, (2)(C) to protect the public from further crimes of the defendant, (2)(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 4(B) the applicable guidelines or policy statements issued by the Sentencing Commission, (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

Finally, although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53. Despite this "general rule," the Court has the discretion to terminate supervision early even in the absence of new circumstances. *Id.*

## III.    Discussion

Mr. Gordon argues that early termination of his supervised release is warranted based upon the facts that he has complied with the conditions of his supervised release, he has reintegrated into the community, he maintains stable housing and employment, and he has strong family support. He states that he seeks early termination of supervision to expand his community involvement and to gain flexibility to support and visit his family.

In opposing termination of supervised release, the government argues that Mr. Gordon has not identified any circumstance sufficient to warrant early termination of his supervised

3

release. The government also cites the dangerous nature of Mr. Gordon's firearm conviction, his criminal history, and that Mr. Gordon poses a danger to the community.

The United States Probation Office filed a "Report of Status of Person Under Supervision with Respect to Early Termination, Pursuant to Guide to Judiciary Policy, Vol. 8E, Ch. 3," that states that Mr. Gordon does not meet the criteria for early termination. ECF No. 6, at 2. Specifically, the Probation Officer reports that Mr. Gordon is not in substantial compliance with all conditions of supervision, as he is unemployed. *Id.* The Probation Officer also filed a confidential Recommendation with Respect to Early Termination, recommending that early termination not be granted at this time. ECF No. 7 (under seal). Subsequently, the Probation Officer filed a Report on Person Under Supervision, alleging that Mr. Gordon has violated three conditions of his supervision. ECF No. 12 (left the district without approval, failed to maintain fulltime employment, and failed to report law enforcement contact). The Probation Officer did not request action to be taken. Then, in late June 2026, the Probation Officer filed a Petition for Modifying the Conditions of Supervision with Consent. ECF No. 16. The requested modification, which was approved by the Court, was to ensure housing for Mr. Gordon due to problems with his original housing. For purposes of determining whether early termination of supervision is warranted, these reports of violation and the modification of conditions of supervision weigh against early termination of supervision.

The Court's standard for evaluating whether early termination is warranted is broad: the court is to determine whether it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Gordon has

been generally compliant with the terms of his supervision; however, report of his non-compliance with terms and conditions of his supervision have been filed in the case.

he has also violated the terms o f his supervision after the present Motion was filed.

Mr. Gordon's offense of conviction is serious. He received a significant variance from the guideline range he faced. The sentencing court imposed a term of imprisonment 64 months, a term 20 months below the low end of the guideline range of 84 months. An individualized assessment of Mr. Gordon's circumstances leads the Court to conclude that continued supervision is appropriate under section 3583(e)(1). Mr. Gordon had been mostly successful while on supervised release and appears to be motivated to rehabilitate and improve himself. While laudable, Mr. Gordon's successes are exactly what supervised release contemplates. As noted above, though, Mr. Gordon did engage in conduct in violation of his supervised release.

The Court acknowledges that supervised release presents burdens and barriers for defendants. However, there is no evidence that Mr. Gordon's conditions of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, deterrence, protection of the public, and punishment goals of sentencing, when considering the nature of the offenses he committed. Oversight supervision by the Probation Officer will continue to assist Mr. Gordon as he moves forward during his term of supervision. Furthermore, given that there is less than a year remaining on Mr. Gordon's supervised release term, such presents a perfect opportunity for Mr. Gordon and his Probation Officer to work together to plan for his transition off of supervision in order to ensure his success.

The Court concludes that the original term of supervision remains an appropriate term of supervised release in this case. After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), the relevant factors set forth in 18 U.S.C. § 3553(a), and the factors set forth in § 5D1.4, comment. n.1(B), the Court concludes that early termination of Mr. Gordon's supervised release is not warranted.

Accordingly, the following Order is hereby entered.

AND NOW, this 9th day of July 2026, it is hereby ORDERED, that Jaquan Gordon's Motion for Early Termination of Supervised Release, ECF No. 4, is DENIED.

        *s/Marilyn J. Horan*
        Marilyn J. Horan
        United States District Court Judge